UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA; the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON and WISCONSIN, the DISTRICT OF COLUMBIA, THE CITY OF CHICAGO and THE CITY OF NEW YORK *ex rel.* STEVEN M. CAMBURN,<br><br>            Plaintiffs and Relator,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>            Defendant. | No. 13 Civ. 3700 (KMW) (GWG) |

**DECLARATION OF B. GRUENSTEIN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I, Benjamin Gruenstein, declare as follows:

1. I am a partner at the law firm of Cravath, Swaine & Moore LLP. My office is located at Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019.

2. I represent Novartis Pharmaceuticals Corporation ("Novartis" or "Defendant") in the above captioned action against United States, et. al.

3. I submit this declaration in support of Defendant's Motion to Dismiss the Third Amended Compliant ("TAC"), dated January 3, 2022.

4. On May 15, 2020 Relator, Steven M. Camburn, filed the Second Amended Complaint ("SAC") in this action. (ECF-47.) The SAC contains allegations from twenty-one confidential witnesses ("CWs") who are described in ¶¶ 122-142 of the SAC.

5. On October 21, 2020, Defendant served an interrogatory asking Relator to identify the CWs.

6. On December 21, 2020, Relator objected to the interrogatory on the grounds that the response was attorney work product and/or otherwise privileged and protected from disclosure.

7. Notwithstanding Relator's response, Defendant was able to identify most of the CWs by using internal Novartis documents. Between January and February 2021, Defendant's counsel reached out to some of these individuals, four of whom agreed to speak further: CW5, CW8, CW11 and CW21. On the calls, each CW stated that some or most of the statements attributed to them were false or taken out of context.

8. On February 23, 2021, after speaking with the four CWs, I reached out to counsel for Relator. I explained generally what the CWs had stated and that, in light of these conversations, Defendant was considering moving for a stay of discovery and potentially taking action pursuant to Rule 11 of the Federal Rules of Civil Procedure.

9. Relator's counsel and I spoke again on February 26, 2021. Relator's counsel asked that, instead of moving for a stay, the parties revise the discovery schedule to prioritize the depositions of the CWs. Defendant agreed to the scheduling revisions, and on March 17, 2021 the parties filed a joint stipulation amending the discovery schedule, which was ordered by Magistrate Judge Gorenstein on the same day. (ECF-67 (ordered by the Court ECF-68).)

10. On February 26, 2021, Relator also supplemented his response to Defendant's interrogatories which included confirming the identities of the CWs.

11. Between February and May 2021, Defendant obtained affirmative declarations from six of the twenty-one CWs. Defendant took the depositions of another fourteen CWs between April and August 2021. Defendant did not receive a declaration from or depose CW10, who was served with a subpoena to testify at a deposition but did not comply. Through these conversations with and depositions of the CWs, Defendant learned of additional statements that were false or taken out of context, which went to the core of the SAC's claims.

12. On August 8, 2021, Defendant served Relator with a Notice of Motion for Sanctions Pursuant to Fed. R. of Civ. P. 11. As Defendant explained in the notice and an attached letter, the motion was based on counsel for Relator's filing of the SAC. The SAC contained numerous assertions concerning alleged statements by CWs; however, the allegations were false, as they misrepresented, misquoted, and took out of context the actual statements of the CWs. Defendant planned to seek dismissal of the action.

13. On August 27, 2021, Relator responded denying any wrongdoing but agreeing to amend the complaint so that it would conform to the record evidence and address the concerns that Defendant had raised.

14. On August 30, 2021, Relator provided Defendant a draft of the TAC. Between August and October 2021, the parties exchanged correspondence regarding the accuracy of the CW allegations in the draft TAC.

15. On November 19, 2021, Relator filed the TAC with Defendant's consent pursuant to Fed. R. Civ. P. 15(a)(2) and with the understanding that Defendant would move to dismiss the TAC.

16. Attached hereto as Exhibit A is a true and correct copy of an email thread between J. Cikowski, W. Lauer and S. Camburn, dated February 15, 2011.

17. Attached hereto as Exhibit B is a true and correct copy of an email thread between J. Cikowski, W. Lauer and S. Camburn, dated April 4, 2011.

18. I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of January, 2022

*/s/ Benjamin Gruenstein*
Benjamin Gruenstein