UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA et al.,

Plaintiffs,

-v.-

NOVARTIS PHARMACEUTICALS CORPORATION

Defendant.

---------------------------------------------------------------x

OPINION AND ORDER

13 Civ. 3700 (KMW) (GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Non-party Frank Garcia, proceeding pro se, has asked the Court to issue an order "addressing the threshold issue raised by 31 U.S.C. § 3730(b)(5)." He specifically asks the Court to determine whether the instant action is "related action based on the facts underlying" a qui tam action Garcia filed over 20 years ago as a relator in United States ex rel. Garcia v. Novartis AG, 06 Civ. 10465, ECF No. 1 (D. Mass. filed March 14, 2006). See Mem. at 1. Garcia's application has been fully briefed.[1] For the reasons stated below, Garcia's application is denied.

## I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

In March 2006, Garcia and another individual filed a qui tam action in the United States

---

[1] See Motion to Address Threshold First-to-File Issue, filed Aug. 14, 2026 (Docket # 132) ("Mem."); Memorandum of Law in Opposition, filed Aug. 28, 2026 (Docket # 133) ("Opp."); Notice of Opposition, filed Sept. 3, 2026 (Docket # 137); Reply Memorandum of Law in Further Support, filed Sept. 4, 2026 (Docket # 139) ("Reply"); Response to Motion to Address Threshold First-To-File Issue, filed Sept. 8, 2026 (Docket # 138); Letter, filed Oct. 2, 2026 (Docket # 146); Letter, filed Oct. 5, 2026 (Docket # 145); Response to Letter, filed Oct. 6, 2026 (Docket # 147); Order, dated Oct. 6, 2026 (Docket # 148); Letter, filed Oct. 6, 2026 (Docket # 149). Docket # 134 appears to be identical to Docket # 132.

District Court for the District of Massachusetts against Novartis and five other entities alleging violations of the False Claims Act, 31 U.S.C. §§ 3729 et seq. ("FCA"). See United States ex rel. Garcia v. Novartis AG, 06 Civ. 10465, ECF No. 1 (D. Mass. filed March 14, 2006). While the Massachusetts action was still active, the relator in the instant action, Steven M. Camburn, filed his complaint against Novartis on May 31, 2013. See United States ex rel. Camburn v. Novartis Pharm. Corp., 2020 WL 1436706, at *1 (S.D.N.Y. Mar. 24, 2020). This action involves an alleged scheme by which Novartis used speaker fees, paid through various programs, as remuneration to induce and reward physicians for prescribing the drug Gilenya. See Amended False Claims Act Complaint, filed September 10, 2018 (Docket # 27).

In 2015, the District Court of Massachusetts dismissed Garcia's FCA action with prejudice because it "lack[ed] the particularity required under Rule 9(b) for pleading fraud." United States ex rel. Garcia v. Novartis AG, 91 F. Supp. 3d 87, 112 (D. Mass. 2015). The First Circuit affirmed that dismissal in relevant part. See United States ex. rel. Kelly v. Novartis Pharm. Corp., 827 F.3d 5, 13–14 (1st Cir. 2016). Since the dismissal of Garcia's FCA claims in 2015, litigation of the instant case has continued.

In August 2026, eleven years after the dismissal of the Massachusetts case, Garcia filed the instant application. Garcia's filings in support focus on a provision of the FCA commonly known as the "first-filed" or "first-to-file" rule or bar. The provision states in relevant part: "When a person brings an action under this subsection, no person other than the Government may . . . bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). Pursuant to this provision, Garcia seeks a ruling that the instant action is a "related action" to his earlier filed Massachusetts action. See Mem. at 11–17. The relator and

Novartis have opposed this request for relief. See Opp.; Response to Motion to Address Threshold First-To-File Issue, filed Sept. 8, 2026 (Docket # 138).

## II. LEGAL STANDARD

The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to an officer, employee, or agent of the United States Government. 31 U.S.C. § 3729(a), (b). The FCA permits private citizens to file qui tam actions as "relators" to recover damages for fraud on behalf of the United States. 31 U.S.C. § 3730(b). The FCA also places limitations on actions that are related to previously-filed law suits. For one, as explained above, Section 3730(b)(5) provides that "[w]hen a person brings an action under [the FCA], no person other than the Government may . . . bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This "first-to-file rule" bars later-filed actions that "rely on the same 'essential facts.'" United States ex rel. Wood v. Allergan, Inc., 899 F.3d 163, 169 (2d Cir. 2018) (quoting United States ex rel. Wilson v. Bristol-Myers Squibb, 750 F.3d 111, 117 (1st Cir. 2014)). As a result, "an action cannot be brought while a first-filed action is pending." Id. at 172.

Ultimately, where a court determines that a later-filed action is related within the meaning of § 3730(b)(5), the later action must be dismissed. See, e.g., State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby, 580 U.S. 26, 34 (2016) (Section 3730(b)(5) is one of "a number of provisions [in the FCA] that do require, in express terms, the dismissal of a relator's action").

## III. DISCUSSION

As Garcia frames it in his notice of motion, he moves this Court for an order

"addressing" the first-filed action issue, which Garcia says is "raised" by 31 U.S.C. § 3730(b)(5). See Mem. at 1. Garcia makes clear that he does not "seek to prosecute Camburn's False Claims Act claims, conduct discovery on behalf of the United States, substitute himself for Camburn, or obtain a relator's share through this Motion." Reply at 1. Instead, as he puts it, "[t]he Motion presents a narrower historical question under 31 U.S.C. § 3730(b)(5)." Id. Garcia says that question is: "when Camburn brought this action on May 31, 2013, was an earlier related qui tam action already pending?" Id.

Garcia's filing presents an obvious overarching infirmity given that Garcia states that he does not seek to intervene in this matter. See Id. at 3.[2] Taking Garcia at his word that he does not seek to intervene, he remains a non-party. Because he is not a party to this case, we have no warrant to consider Garcia's request for any form of relief. For this reason alone, his application is denied.

Second, even if Garcia had moved to intervene, that motion would have to be denied for lack of standing because he is seeking an advisory opinion, which a federal court has no jurisdiction to entertain. See Carney v. Adams, 592 U.S. 53, 58 (2020) (federal courts are prohibited "from issuing advisory opinions" absent a genuine dispute between the parties) (citations omitted). As Carney notes, "[t]he Constitution grants Article III courts the power to decide 'Cases' or 'Controversies.'" Id. For this reason, the Supreme Court has "long understood that constitutional phrase to require that a case embody a genuine, live dispute

---

[2] Garcia had previously sought to intervene for the purpose of having the original complaint in this action unsealed. (Docket # 130). In response, the Court issued an Order (Docket # 131) noting that the purpose for which intervention was requested — to obtain the unsealing — had long ago been granted and thus that the motion to intervene was moot.

between adverse parties, thereby preventing the federal courts from issuing advisory opinions." Id. "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)); accord TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021) ("[U]nder Article III, a federal court may resolve only a real controversy with real impact on real persons.") (quotation marks and citation omitted). "To avoid giving advisory opinions, we require that parties that come before us have a sufficient stake in the outcome of the case to render it a case or controversy." Langan v. Johnson & Johnson Consumer Companies, Inc., 897 F.3d 88, 93 (2d Cir. 2018) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 97 (1998)).

This need for a "sufficient stake" implicates the doctrine of standing. See, e.g., United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999) ("constitutional standing [requires] a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy") (punctuation and citation omitted). One of the necessary elements to establish Article III standing is an injury in fact, and "[t]o demonstrate an injury in fact, [one] must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016) (punctuation and citation omitted). Here, Garcia's submissions that seek to have this court "address" the first-to-file issue contain nothing to show what legally protected interest of his was "inva[ded]" by the filing of this action, even if this action was filed in violation of the first-filed rule. Garcia's interest would not appear to have anything to do with his Massachusetts action inasmuch as that action was dismissed with

prejudice. But the Court should not have to guess at his interest. Garcia's application fails because he has not shown why — even if, as Garcia alleges, this action violates the first-to-file rule — such a violation has any effect on him personally.

Garcia's application must be denied not only for the reasons just discussed but also because of an unusual provision in the FCA itself. As noted earlier, the only way that the Court could adjudicate any request from Garcia would be if Garcia were permitted to intervene in this action. Intervention, however, is foreclosed by the text of the FCA itself, which provides that "[w]hen a person [here, the relator Camburn] brings an action under this subsection, no person other than the Government may intervene." 31 U.S.C. § 3730(b)(5) (emphasis added). Garcia is not "the Government" and is therefore barred by this provision from intervening in this action.

Perhaps recognizing this bar, Garcia asks that we "permit focused supplemental briefing concerning the proper procedural mechanism" for raising his first-to-file argument. Mem. at 21. No further briefing is required, however, because this provision makes clear that there is no procedural mechanism for Garcia to have his "question" answered.

CONCLUSION

For the reasons set for above, non-party Frank Garcia's application (Docket ## 132, 134) is denied.

Dated: November 17, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge